UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARK680 DOE, | Case No. 2:23-cv-04972 |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** |
| CONGREGATION OF THE HOLY SPIRIT a/k/a HOLY GHOST FATHERS OF IRELAND d/b/a HOLY GHOST FATHERS OF IRELAND, INC.; ST. MARY'S a/k/a CHURCH OF ST. MARY; and DOES 1-5 whose identities are unknown to Plaintiff, | |
| Defendants. | |

**INTRODUCTION**

Defendant's response to the Motion to Remand attempts to distract this Court from the applicable standard and further delay the appropriate remand of this case to state court without any basis to do so. Last Friday, Judge Brown squarely rejected this approach and remanded all of the 42 cases that were assigned to him and told the Defendants and the Diocese that it was "unlawful and unfair" to delay that further decision. This Court should follow the same approach and immediately remand so that this case can move forward.

> However, in arguing that this Court should withhold its decision 'regardless of whether the Court believes remand is appropriate' pending the resolution of its §157(b)(5) motion, defendants appear to seek tacit approval from this Court-by proposing its silence-of the dubious procedural devices they have unleashed. Because the plaintiffs are entitled to timely consideration of their claims, and defendants' arguments are without basis in the law, the request to defer decision is rejected as unlawful and unfair.

*In re: Child Victims Act Cases Removed from State Court*, 2:23-cv-04799-GRB-LGD, August 10, 2023, Doc. No. 11 at 10.

1

# ARGUMENT

**I.      All of the elements needed for mandatory abstention are present.**

Defendant's discussion about the mandatory abstention factors is buried at the end of section II of its brief. (Def. Br. at 20). This is curious because it is the determinative legal standard and Defendant admits that five of the six requisite factors are met. (Def. Br. at 21, "Here, while five of the factors are undisputed…."). The only remaining question for this Court as to whether mandatory abstention applies is whether "the case can be timely adjudicated in state court." (*Id*.)

On that point, the Defendant's argument is that (1) "it is not true that the mere establishment of a special division to handle particular classes of cases means an action will be timely adjudicated"; (2) "[t]he likelihood of delay is compounded by the fact that the special division has exclusive jurisdiction over all CVA-related cases," (3) "the state court [lacks] superior expertise or familiarity with this case." (Def. Br. at 21-23). None of these weak and unsupported points – even if true – would give this Court any basis to conclude that the state court is unable to adjudicate this case in a timely manner.

Judge Brown recognized that "New York has invested unprecedented resources to resolving the actions revived under the CVA." *In re: Child Victims Act Cases Removed from State Court*, 2:23-cv-04799-GRB-LGD, August 10, 2023, Doc. No. 11 at 5. Special trial preference, training for judges, and specialized rules are "designed to promote rapid resolution." *Id*. at 7. These efforts were described as "redolent of those taken by [the Eastern District] in its endeavors to manage unwieldly, large-scale litigation." *Id*. The decision further notes that assignment of cases to a dedicated part has been found to satisfy this requirement. *Id*., *citing BGC Partners, Inc. v. Avision Young (Canada) Inc.*, 919 F. Supp. 2d 310, 320 (S.D.N.Y. 2013); *In re Residential Cap., LLC*, 488 B.R. 565, 576 (Bankr. S.D.N.Y. 2013). Based on this, 42 of these cases have already been remanded as required by mandatory abstention. *Id*. at 8. This matter should be remanded for

the same reasons.

**II.     The Court should not delay remand**

Defendant argues that removal was not even necessary to accomplish its goal of consolidating all 224 matters in the Southern District. (Def. Br. at 24). Indeed, much of Defendant's argument focuses entirely on its §157(b)(5) analysis that really has nothing to do with the Motion to Remand analysis at all and is more appropriate for the matter before Judge Schofield in the Southern District. (*Id*. at 12-14). But in the hopes of keeping the case in this Court while that matter is pending, Defendants attempt to confuse the standard. Defendant even argues that its procedural scheme has somehow made this process more efficient – but Judge Brown noted the inconsistency with the Defendant's position: "How can removing 224 cases from the state court system, resulting in their reassignment to 17 district judges in this court, engendering thousands of individual filings, all in the hopes of having the cases transferred to yet another court be deemed an 'efficiency'?" *In re: Child Victims Act Cases Removed from State Court*, 2:23-cv-04799-GRB-LGD, August 10, 2023, Doc. No. 11 at 9. And when it comes to Defendant's expressed concern about "whipsawing the parties and the state court about the location of this action," Judge Brown noted that the Diocese and these defendants "seem to lack the moral standing to raise" such concerns in light of "the wholesale removal of hundreds of cases from state court to this district while simultaneously seeking their transfer to the Southern District." *Id*. at 10.

In the end, Judge Brown correctly noted that Defendants have cited no authority as to why the remand should wait. This Court should find the same for the same reasons and remand immediately and without further delay.

## CONCLUSION

Judge Brown described the "excessive litigative wrangling" that the Diocese and these Defendants are doing as causing delays that "range from intolerable to the unconscionable." He reviewed the record in the bankruptcy proceeding to discover "lengthy delays, procedural meanderings and stratagems" that have been at the heart of a bankruptcy action that has little to show for itself after almost three years of massively expensive litigation. *Id*. at n.3. This scheme to do whatever it takes to keep these 224 cases in the federal system is just the most extreme example. It has no basis in the law and is simply the latest example of the Diocese of Rockville Centre's "dubious procedural devices they have unleashed." *See Id*. at 10. This Court should not allow it and this matter should be remanded.

| | |
|---|---|
| Dated: August 21, 2023<br>New York, New York | Respectfully submitted,<br><br>*/s/ Patrick Stoneking*_____<br>Patrick Stoneking<br>JEFF ANDERSON & ASSOCIATES<br>363 7th Ave., 12th Floor<br>New York, NY 10001<br>646-759-2551<br>Email: pstoneking@andersonadvocates.com<br><br>*Counsel for Plaintiff* |